# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tyrone James,
      Petitioner

vs.

Ernie Moore,
      Respondent

Case No. 1:06cv212
(Dlott, J.; Hogan, M.J.)

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition (Doc. 1) and respondent's "Answer" with exhibits (Doc. 4).

## Procedural Background

On January 21, 2003, the Hamilton County, Ohio, grand jury returned a three-count indictment charging petitioner with two counts of murder in violation of Ohio Rev. Code § 2903.02 and one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2); two firearm specifications were attached to each count. (Doc. 4, Ex. 1).  The charges stemmed from a shooting incident on January 6, 2003, which resulted in the death of one victim and an assault on another. (*See id.*, Ex. 5, pp. 2-3).

After a jury trial, petitioner was convicted on all counts and specifications

charged in the indictment. (*See id.,* Ex.2). On September 15, 2003, petitioner was sentenced to terms of imprisonment totaling twenty-six (26) years to life. (*Id.*).[1]

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, asserting five assignments of error:

1. The trial court erred in excluding the out-of-court statement of a key witness made to James's attorney, in the presence of his mother and step-father, in which the witness admitted that he, along with others, were also shooting firearms at the vehicle containing [the two victims].

2. The trial court erred by allowing the prosecution to elicit testimony through the use of leading questions and further failed to control the improper conduct upon objection.

3. The judgments of conviction are contrary to law and to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, in that there was insufficient evidence adduced to establish each and every element of the offenses beyond a reasonable doubt.

4. The judgments of conviction are contrary to the manifest weight of the evidence.

5. The trial court erred when it imposed consecutive maximum sentences without following the sentencing guidelines.

(*Id.,* Ex. 3).

------

[1] For the purpose of sentencing, the murder counts were merged, as well as the two firearm specifications attached to each count. (Doc. 4, Ex. 2). Petitioner was sentenced to consecutive terms of imprisonment of fifteen (15) years to life for the murder offense and eight (8) years for the felonious assault offense, as well as three (3) year prison terms on the firearm specifications. (*See id.*). The three-year sentence for the specification attached to the merged murder charge was to be served consecutively to the sentence for the underlying offense; although the three-year sentence for the specification attached to the felonious assault count also was to be served consecutively to the sentence for the underlying offense, it was to be served concurrently with the specification on the murder charge. (*Id.*).

On October 29, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 5).

On December 22, 2004, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court. (*Id.,* Ex. 6). On February 2, 2005, the Ohio Supreme Court granted petitioner's motion for delayed appeal and ordered that petitioner's "memorandum in support of jurisdiction is due thirty days from the date of this entry." (*Id.,* Ex. 7). On March 10, 2005, the Ohio Supreme Court dismissed the appeal *sua sponte* on the ground that "[i]t appears from the records of this Court that the appellant has not filed a memorandum in support of jurisdiction, due March 4, 2005 in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence." (*Id.,* Ex. 8).

Over a year later, on March 15, 2006, petitioner filed a *pro se* petition for post-conviction relief with the Hamilton County Common Pleas Court. (*Id.,* Ex. 9). Petitioner alleged as the sole ground for relief that:

> The trial court erred when it imposed a sentence that is contrary to law and sentence[d] the petitioner, a first time offender, who has not previously served a prison term to non-minimum sentence, in violation of his Sixth Amendment Rights under the *Blakely* and *Booker*[] ruling[s] of the United States Supreme Court and in which, violated his Eighth Amendment Rights as well.

(*Id.*).

On March 22, 2006, the Common Pleas Court denied the petition, reasoning as follows:

> The basis of the petition is *Blakely v. Washington*[, 542 U.S. 296 (2004)]. Pursuant to *State v. Foster,* [845 N.E.2d 470 (Ohio)], *Blakely* is only to be applied to matters pending on direct review. This matter is not on direct review, therefore the petition must be denied.

(*Id.,* Ex. 12). It appears from the present record that petitioner did not attempt to appeal this decision to the state appellate courts. (*See id.,* Brief, p. 5).

The instant petition for writ of habeas corpus, signed by petitioner on March 8,

2006 and resubmitted by him on April 4, 2006, was stamped as "received" on April 11, 2006 and "filed" with the Court on April 14, 2006. (Doc. 1). Petitioner alleges as grounds for relief the same five claims of error that were raised by his appellate counsel on direct appeal to the Ohio Court of Appeals. (*See id.,* pp. 6-10 & "Supplement Attachment").

Respondent has filed a return of writ responding to petitioner's allegations, wherein it is conceded that the instant petition does not trigger statute of limitations concerns. (Doc. 4, Brief, p. 6).[2] Respondent contends that petitioner has waived his claims for relief due to his procedural default in the state courts. (*Id.,* pp. 7-16). Alternatively, respondent argues that petitioner is not entitled to habeas relief based on the merits of the claims. (*Id.,* pp. 16-32).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because Petitioner Has Waived All Of His Grounds For Relief Due to His State Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see*

---

[2]After the return of writ was filed, the Supreme Court issued its decision in *Lawrence v. Florida,* 127 S.Ct. 1079, 1083-84 (2007), holding that the statute of limitations is not tolled under 28 U.S.C. § 2244(d)(2) during the pendency of a petition for writ of certiorari to that Court from a state court's final post-conviction or collateral review decision. In light of *Lawrence,* which effectively overruled prior Sixth Circuit precedent on this issue, *see Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004), this case may pose statute of limitations problems given that over a year passed after the Ohio Supreme Court's dismissal of petitioner's delayed appeal before petitioner sought state post-conviction relief and filed the instant federal habeas corpus petition. *Cf. DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493, 497-500 (6th Cir. 2005) (emphasizing that a motion for delayed appeal, "*even if granted,* does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending") (emphasis added). Nevertheless, because respondent did not assert a statute of limitations defense, the Court assumes, without deciding, that the petition is not time-barred.

4

*also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner presented his five grounds for relief on direct appeal to the Ohio Court of Appeals. However, as respondent has pointed out, he committed a procedural default on further delayed appeal to the state's highest court, which was relied on by that court in *sua sponte* dismissing the appeal.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

In this case, petitioner failed to comply with the Ohio Supreme Court's explicit order to file a memorandum in support of jurisdiction within 30 days of its Entry granting his motion for delayed appeal. (*See* Doc. 4, Ex. 7). The Ohio Supreme Court clearly and expressly relied on that procedural default in *sua sponte* dismissing the appeal based on petitioner's failure "to prosecute this cause with the requisite diligence." (*See id.,* Ex. 8). Dismissals for failure to comply with a court order and for want of prosecution involve a "firmly established and regularly followed" practice utilized by all courts, not only the courts of Ohio.

Accordingly, in sum, the Court concludes that petitioner procedurally defaulted his claims for relief by failing to timely file a memorandum in support of jurisdiction in accordance with the Ohio Supreme Court's express order. He, therefore, has waived these claims absent a showing of cause and prejudice, or that failure to consider the claims will result in a "fundamental miscarriage of justice."

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Although petitioner alleged on direct appeal that the evidence was insufficient to

support his convictions, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

Petitioner also has not established cause for his procedural default in the state courts. Petitioner seeks to justify his default by arguing that he believed he had met the requirement of filing a memorandum in support of jurisdiction by attaching to his motion for delayed appeal the list of propositions of law he would be asserting on appeal to the Ohio Supreme Court. (*See* Doc. 1, p. 14 & attached affidavits; *see also* Doc. 4, Ex. 6). He claims that an inmate clerk told him that a memorandum in support of jurisdiction was unnecessary in that circumstance. (Doc. 1, p. 14 & attached affidavits).

The record belies this argument. Petitioner must have understood that the list of propositions of law attached to his delayed appeal motion did not satisfy the jurisdictional memorandum requirement, as petitioner expressly stated in that attachment: "If this Court would grant me a delayed appeal *I would raise the following issues in my memorandum in support of jurisdiction.*" (*See* Doc. 4, Ex. 6) (emphasis added). Moreover, it is clear that an additional jurisdictional memorandum was required given the Ohio Supreme Court's explicit instruction in granting petitioner's delayed appeal motion that such a memorandum was due within thirty days. (*Id.,* Ex. 7). Finally, when the Ohio Supreme Court *sua sponte* dismissed the delayed appeal on March 10, 2005 based on petitioner's failure to file a jurisdictional memorandum within 30 days, petitioner did not seek reconsideration or reinstatement of the appeal on the ground that he had been improperly advised that such a memorandum was unnecessary. Indeed, he took no further action to even contest his criminal conviction and sentence until over a year later when he filed his state post-conviction petition on March 15, 2006 challenging his sentence under *Blakely.* (*Id.,* Ex. 9).

Petitioner has further suggested as cause for his default that he is a high school drop-out with "very little understanding of how read and write (litigate)" and no understanding "when it comes to the Law and the rules and regulation of the Courts." (Doc. 1, "Affidavit of Statement of Tyrone James").[3] In *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir.) (per curiam), *cert. denied,* 543 U.S. 989 (2004), the Sixth Circuit

---

[3]It is noted that although petitioner asserts that because he is a high school drop-out, he has little understanding of how to read and write, he has not claimed that he is illiterate, only that he lacks sufficient skills in reading and writing to effectively litigate his claims.

specifically rejected similar arguments asserted as "cause" for a default as follows:

> First, [petitioner's] pro se status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. *See Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Second, [petitioner's] ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. *See id.* . . .

Accordingly, in sum, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the Court **RECOMMENDS** that petitioner's petition for writ of habeas corpus be **DENIED** with prejudice on the procedural ground that petitioner has waived his claims for relief due to his procedural default in the state courts.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a

---

[4]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  7/10/07

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\06-212dcnypet.waiver-bonilla-delappOhSCt.wpd

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tyrone James,
      Petitioner,

                                    Case No. 1:06cv212

      v.                         (Dlott, J.; Hogan, M.J.)

Ernie Moore,
      Respondent.

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tyrone James #456-772
Lebanon Corr. Inst.
Po Box 56
Lebanon, OH 45036

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( *Printed Name*)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
   (*Transfer from service label*)  7002 0860 0000 1409 6090

PS Form 3811, August 2001  Domestic Return Receipt  102595-02-M-1540

1:06cv212  Doc. 6